## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT MARYLAND NORTHERN DIVISION

_____

| | | |
|---|---|---|
| KIANA SMITH, as | : | |
| Administrator if the Estate of | : | CIVIL ACTION |
| The Late Elmer Smith | : | |
| 704 Leafydale Terrace | : | |
| Pikesville, Maryland 21208 | : | NO.:  RDB-12-0850 |
| | : | |
| And | : | |
| | : | |
| LISA JOHNSON, as | : | |
| Parent and Next Friend of | : | |
| JOANN SMITH, a Minor and | : | |
| Surviving Daughter of the Late | : | |
| Elmer Smith | : | |
| 4636 Walters Avenue | : | |
| Baltimore, Maryland 21214 | : | |
| | : | |
| And | : | |
| | : | |
| JERMAINE SMITH, | : | |
| Individually, as Surviving Son | : | |
| Of the Late Elmer Smith | : | |
| 4636 Walters Avenue | : | |
| Baltimore, Maryland 21214 | : | |
| | : | |
| And | : | |
| | : | |
| TIESHA SMITH, | : | |
| Individually, as Surviving Daughter | : | |
| of the Late Elmer Smith | : | |
| 3911 Wabash Ave. #1B | : | |
| Baltimore, MD 21215 | : | |
| | : | |
| And | : | |
| | : | |
| JEROME SMITH, | : | |
| Individually, as Surviving Son | : | |
| of the Late Elmer Smith | : | |
| 324 N. Bruce St. | : | |
| Baltimore, MD 21223 | : | |
| | : | |
| Plaintiffs | : | |

```
                                          :
       VS.                                :        JURY TRIAL DEMANDED
                                          :
KUMHO TIRE U.S.A., INC.                   :
10299 6th Street                          :
Rancho Cucamonga, CA 91730                :
                                          :
And                                       :
                                          :
KUMHO TIRE CO., INC.                      :
555, Sochon-Dong, Gwangsan-Gu             :
Gwangju, 506-711, Korea (C.P.O. Box 180) :
                                          :
              Defendants                  :
```

---

## AMENDED COMPLAINT

PLAINTIFFS Kiana Smith, as Administrator of the Estate of the Late Elmer Smith; Lisa Johnson, as Parent of Joann Smith, a Minor and Surviving Daughter of the Late Elmer Smith; Jermaine Smith, Individually as Surviving Son of the Late Elmer Smith; Tiesha Smith, Individually as Surviving Daughter of the Late Elmer Smith; and Jerome Smith, Individually as Surviving Son of the Late Elmer Smith, by and through their undersigned counsel, hereby bring suit against defendants, Kumho Tire U.S.A., Inc. and Kumho Tire Co., Inc., for causes of action as follows:

### PARTIES

1.     Plaintiff Kiana Smith (hereinafter "Kiana") is an individual residing at 704 Leafydale Terrace, Pikesville, Maryland  21208.

2.     Plaintiff Lisa Johnson (hereinafter "Johnson"), as parent and next friend of Joann Smith (hereinafter "Joann"), is an individual residing at 4636 Walters Avenue, Baltimore, Maryland  21214.

9275725v.1

3.      Plaintiff Jermaine Smith (hereinafter "Jermaine") is an individual residing at 4636 Walters Avenue, Baltimore, Maryland  21214.

4.      Plaintiff Tiesha Smith (hereinafter "Tiesha"), is an individual residing at 3911 Wabash Avenue #1B, Baltimore, MD 21215.

5.      Plaintiff Jerome Smith (hereinafter "Jerome") is an individual who maintains residence at 324 N. Bruce St., Baltimore, MD 21223

6.      The Late Elmer Smith (hereinafter "Decedent") was an individual residing at 4636 Walters Avenue, Baltimore, Maryland 21214.

7.      At all times relevant to this action, Mr. Smith was a resident and citizen of the State of Maryland.

8.      Defendant, Kumho Tire U.S.A., Inc. (hereinafter "Kumho U.S.A.") is a corporation formed and operating under the laws of the State of California, with its principal place of business located at 10299 6th Street, Rancho Cucamonga, California 91730.

9.      Defendant, Kumho Tire Co., Inc. (hereinafter "Kumho") is a foreign corporation formed and operating under the laws of the Republic of Korea, with its principal place of business located at 555, Sochon-Dong, Gwangsan-Gu, Gwangju, 506-711, Korea (C.P.O. Box 180).

10.      At all times relevant to the within matter, Defendants Kumho U.S.A. and/or Kumho designed, manufactured, assembled, distributed, sold and/or introduced automotive tires into the stream of commerce in the State of Maryland.

## JURISDICTION AND VENUE

11.     Jurisdiction is vested with this Court pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000 and there exists complete diversity of citizenship between Plaintiffs and Defendants.

12.     Venue is proper in this Court, as the claims arose in New Market, Frederick County, Maryland, in this district.

## STATEMENT OF FACTS

13.     Universal Marble and Granite, Inc. (hereinafter "Universal") is the registered owner of a 1996 Peterbilt Commercial Tractor (hereafter " the truck"), Vin No. 1XPAX9EX5TN421356.

14.     At all times relevant to the within matter, Universal maintained the truck in good and working road condition, and maintained all necessary registration and insurance on the truck.

15.     At all times relevant to the within matter, Decedent was employed by Universal as a tractor-trailer driver.

16.     At all times relevant to the within matter, Decedent was lawfully permitted to operate the truck on all roads and highways.

17.     Upon information and belief, defendant, Kumho is a manufacturer of various styles of tires, including commercial tire products such as the Power Fleet 958 series tire.

18.     Upon information and belief, defendant, Kumho U.S.A. is a distributor of various styles of tires manufactured by Kumho, including commercial tire products such as the Power Fleet 958 series tire.

9275725v.1

19.     Upon information and belief, Kumho manufactured, and Kumho U.S.A. distributed, a brand new Power Fleet 958 size 425/65R 22.5 tire (hereinafter "the tire"), which was subsequently purchased by Universal sometime in 2008 or 2009.

20.     On or about February 23, 2011, Universal had the tire removed from storage and installed on the left front wheel of the truck due to the tire's tread depth matching the tread depth of the other tires already in place on the truck.

21.     Upon information and belief, the tire was properly maintained and used in the normal and expected course of conduct from the date it was purchased, and was never recapped or re-grooved prior to being installed on the truck.

22.      At all times relevant to the within matter, Universal and Decedent conducted regular checks of the truck and the tire to ensure that all equipment and operating systems functioned properly.

23.      On or about March 13, 2011, Decedent was assigned to deliver a load of marble and granite to Pittsburgh and New York using the truck.

24.     Prior to embarking on this delivery route, Decedent and Universal inspected the vehicle and the tire to insure that all equipment and operating systems were functioning properly.

25.     Neither Decedent nor Universal observed any problems or issues with the tire during their pre-trip inspection.

26.     After being cleared to proceed with his delivery assignment on March 13, 2011, Decedent left Universal's facility and began heading westbound on Interstate 70.

27.     Upon information and belief, Decedent was lawfully operating the truck while traveling westbound on Interstate 70 in New Market, Maryland.

28.     Upon information and belief, the road conditions for westbound Interstate 70 were good with no rain or water on the roadway, clear visibility, and light traffic.

29.     Suddenly and without warning, the tread and belt of the tire separated from the tire, thereby causing the tire to blow out.

30.     As a result of the sudden and unexpected loss of support resulting from the tire blow out, Decedent lost control of the truck, which veered to the left towards the median before overturning, rolling over, and striking the guard rail.

31.     As a result of the truck overturning and rolling over due to the tire blow out, Decedent sustained serious bodily injuries and died shortly thereafter at Frederick Memorial Hospital located at 400 West Seventh Street, Frederick, Maryland 21701.

32.     As a direct and proximate result of Decedent's injuries and subsequent death, Plaintiffs Kiana; Johnson; Jermaine; Tiesha; and Jerome have been caused to sustain damages in excess of $75,000.00 due to medical, funeral and burial expenses, as well as suffering the loss of financial support, loss of companionship, and severe physical and emotional pain.

## <u>COUNT 1 – NEGLIGENCE</u><br><u>PLAINTIFFS V. KUMHO TIRE U.S.A., INC.</u>

33.     Plaintiffs incorporate by reference the facts and allegations contained in all paragraphs above, as though set forth fully herein.

34.     At all times relevant to the within matter, Defendant Kumho U.S.A. was charged with the duty to use reasonable care in designing, selecting materials, manufacturing, constructing, testing, inspecting, marketing, and/or distributing the tire to determine that it was in a condition safe for its intended use.

35.     Defendant Kumho U.S.A., by and through its agents, servants, employees, and/or representatives, negligently, carelessly, and/or recklessly breached its duty of reasonable care in one or more of the following ways:

(a)     Designing, manufacturing, and/or assembling a defective product that the company knew or reasonably should have known subjected the reasonably foreseeable users to an unreasonable risk of harm;

(b)     Selling, distributing, and/or supplying a dangerously defective product that the company knew or reasonably should have known subjected the reasonably foreseeable users to an unreasonable risk of harm;

(c)     Designing a product that contained improper materials, which failed and caused the loss sustained by Decedent and Plaintiffs;

(d)     Designing a product that did not contain reasonable and technologically feasible safety devices;

(e)     Failing to design and supply a product that was not safe for all reasonably foreseeable users;

(f)     Failing to manufacture and supply a product that was safe for all reasonably foreseeable users;

(g)     Failing to provide adequate warnings to reasonably foreseeable users of a dangerous and defective condition of the product, including but not limited to age and wear of the product; and

(h)     Failing to comply with applicable statutes, codes, regulations, and generally recognized safety practices and standards.

36.     As a direct and proximate result of Defendant Kumho U.S.A.'s breach of its duties, Decedent sustained significant physical injuries and death.

37.     As a direct and proximate result of Defendant Kumho U.S.A.'s breach of its duties, Plaintiffs Kiana, Johnson, Jermaine, Tiesha and Jerome have been caused to suffer damages as set forth above.

9275725v.1

WHEREFORE, Plaintiffs Kiana Smith, as Administrator of the Estate of the Late Elmer Smith; Lisa Johnson as Parent of Joann Smith, a Minor and Surviving Daughter of the Late Elmer Smith; Jermaine Smith, Individually as Surviving Son of the Late Elmer Smith; Tiesha Smith, Individually as Surviving daughter of the Late Elmer Smith; and Jerome Smith, Individually as Surviving Son of the Late Elmer Smith, demand judgment in their favor and against the Defendant in the amount of TWO MILLION DOLLARS ($2,000,000.00), together with interest, costs, and all other relief deemed appropriate by this Court.

## COUNT II – NEGLIGENCE
## PLAINTIFFS V. KUMHO TIRE CO., INC.

38.     Plaintiffs incorporate by reference the facts and allegations contained in all paragraphs above, as though set forth fully herein.

39.     At all times relevant to the within matter, Defendant Kumho  was charged with the duty to use reasonable care in designing, selecting materials, manufacturing, constructing, testing, inspecting, marketing, and/or distributing the tire to determine that it was in a condition safe for its intended use.

40.     Defendant Kumho, by and through its agents, servants, employees, and/or representatives, negligently, carelessly, and/or recklessly breached its duty of reasonable care in one or more of the following ways:

> (a)     Designing, manufacturing, and/or assembling a defective product that the company knew or reasonably should have known subjected the reasonably foreseeable users to an unreasonable risk of harm;

> (b)     Selling, distributing, and/or supplying a dangerously defective product that the company knew or reasonably should have known subjected the reasonably foreseeable users to an unreasonable risk of harm;

(c)     Designing a product that contained improper materials, which failed and caused the loss sustained by Decedent and Plaintiffs;

(d)     Designing a product that did not contain reasonable and technologically feasible safety devices;

(e)     Failing to design and supply a product that was not safe for all reasonably foreseeable users;

(f)     Failing to manufacture and supply a product that was safe for all reasonably foreseeable users;

(g)     Failing to provide adequate warnings to reasonably foreseeable users of a dangerous and defective condition of the product, including but not limited to age and wear of the product; and

(h)     Failing to comply with applicable statutes, codes, regulations, and generally recognized safety practices and standards.

41.     As a direct and proximate result of Defendant Kumho's breach of its duties, Decedent sustained significant physical injuries and death.

42.     As a direct and proximate result of Defendant Kumho's breach of its duties, Plaintiffs Kiana, Johnson, Jermaine, Tiesha and Jerome have been caused to suffer damages as set forth above.

WHEREFORE, Plaintiffs Kiana Smith, as Administrator of the Estate of the Late Elmer Smith; Lisa Johnson as Parent of Joann Smith, a Minor and Surviving Daughter of the Late Elmer Smith; Jermaine Smith, Individually as Surviving Son of the Late Elmer Smith; Tiesha Smith, Individually as Surviving daughter of the Late Elmer Smith; and Jerome Smith, Individually as Surviving Son of the Late Elmer Smith, demand judgment in their favor and against the Defendant in the amount of TWO MILLION DOLLARS ($2,000,000.00), together with interest, costs, and all other relief deemed appropriate by this Court.

## COUNT III – STRICT LIABILITY
## PLAINTIFFS V. KUMHO TIRE U.S.A., INC.

43.     Plaintiffs incorporate by reference the facts and allegations contained in all paragraphs above as though set forth fully herein.

44.     Kumho U.S.A. designed, manufactured, assembled, distributed, sold and/or introduced into the stream of commerce the tire in a defective condition that was unreasonably dangerous to users or consumers, in this matter, the Late Elmer Smith.

45.     The tire that Kumho U.S.A. designed, manufactured, assembled, distributed, sold and/or introduced into the stream of commerce was unreasonably dangerous to users or consumers when it left Kumho U.S.A.'s possession and/or control.

46.     The March 13, 2011 motor vehicle accident and related injuries/death suffered by Decedent was caused by, and resulted from Kumho U.S.A.'s acts and/or omissions, through its agents, sales representatives, servants and/or employees in the course and scope of their employment, which included the following:

(a)     Designing, manufacturing, and/or assembling a defective product that was in a defective condition at the time it left the possession or control of the defendant;

(b)     Designing, manufacturing, and/or assembling a defective product that was unreasonably dangerous to the user or consumer, in this matter, the Late Elmer Smith;

(c)     Designing, manufacturing, and/or assembling a defective product where the defect was the cause of the injuries;

(d)     Designing, manufacturing, and/or assembling a defective product that was expected to and did reach the user or consumer without substantial change in its condition;

(e)     Selling, distributing, and/or supplying a dangerously defective product that in a defective condition at the time it left the possession or control of the defendant;

(f)    Selling, distributing, and/or supplying a dangerously defective product that that was unreasonably dangerous to the user or consumer, in this matter, the Late Elmer Smith;

(g)    Selling, distributing, and/or supplying a dangerously defective product where the defect was the cause of the injuries;

(h)    Selling, distributing, and/or supplying a dangerously defective product that was expected to and did reach the user or consumer without substantial change in its condition;

(i)    Designing a product that contained improper materials, which failed and caused the loss sustained by Decedent and Plaintiffs;

(j)    Manufacturing a product that contained improper materials, which failed and caused the loss sustained by Decedent and Plaintiffs;

(k)    Designing a product that did not contain reasonable and technologically feasible safety devices;

(l)    Failing to design and supply a product that was safe for all reasonably foreseeable users;

(m)    Failing to manufacture and supply a product that was safe for all reasonably foreseeable users;

(n)    Failing to provide adequate warnings to reasonably foreseeable users of a dangerous and defective condition of the product, including but not limited to age and wear of the product; and

(o)    Failing to comply with applicable statutes, codes, regulations, and generally recognized safety practices and standards.

47.    Kumho U.S.A. is strictly liable for the death of Decedent and the damages sustained by Plaintiffs Kiana, Johnson, Jermaine, Tiesha, and Jerome as a result thereof.

WHEREFORE, Plaintiffs Kiana Smith, as Administrator of the Estate of the Late Elmer Smith; Lisa Johnson as Parent of Joann Smith, a Minor and Surviving Daughter of the Late Elmer Smith; Jermaine Smith, Individually as Surviving Son of the Late Elmer Smith; Tiesha Smith, Individually as Surviving daughter of the Late Elmer Smith; and Jerome Smith,

Individually as Surviving Son of the Late Elmer Smith demand judgment in their favor and against the Defendant in the amount of TWO MILLION DOLLARS ($2,000,000.00), together with interest, costs, and all other relief deemed appropriate by this Court.

## COUNT IV – STRICT LIABILITY
## PLAINTIFFS V. KUMHO TIRE CO., INC.

48.     Plaintiffs incorporate by reference the facts and allegations contained in all paragraphs above as though set forth fully herein.

49.     Kumho designed, manufactured, assembled, distributed, sold and/or introduced into the stream of commerce the tire in a dangerously defective condition.

50.     The tire that Kumho designed, manufactured, assembled, distributed, sold and/or introduced into the stream of commerce was in a dangerously defective condition when it left Kumho's possession and/or control.

51.     The March 13, 2011 motor vehicle accident and related injuries/death suffered by Decedent was caused by, and resulted from Kumho's acts and/or omissions, through its agents, sales representatives, servants and/or employees in the course and scope of their employment, which included the following:

(a)     Designing, manufacturing, and/or assembling a defective product that was in a defective condition at the time it left the possession or control of the defendant;

(b)     Designing, manufacturing, and/or assembling a defective product that was unreasonably dangerous to the user or consumer, in this matter, the Late Elmer Smith;

(c)     Designing, manufacturing, and/or assembling a defective product where the defect was the cause of the injuries;

(d)     Designing, manufacturing, and/or assembling a defective product that was expected to and did reach the user or consumer without substantial change in its condition;

-12-

(e)     Selling, distributing, and/or supplying a dangerously defective product that in a defective condition at the time it left the possession or control of the defendant;

(f)     Selling, distributing, and/or supplying a dangerously defective product that that was unreasonably dangerous to the user or consumer, in this matter, the Late Elmer Smith;

(g)     Selling, distributing, and/or supplying a dangerously defective product where the defect was the cause of the injuries;

(h)     Selling, distributing, and/or supplying a dangerously defective product that was expected to and did reach the user or consumer without substantial change in its condition;

(i)     Designing a product that contained improper materials, which failed and caused the loss sustained by Decedent and Plaintiffs;

(j)     Manufacturing a product that contained improper materials, which failed and caused the loss sustained by Decedent and Plaintiffs;

(k)     Designing a product that did not contain reasonable and technologically feasible safety devices;

(l)     Failing to design and supply a product that was safe for all reasonably foreseeable users;

(m)    Failing to manufacture and supply a product that was safe for all reasonably foreseeable users;

(n)     Failing to provide adequate warnings to reasonably foreseeable users of a dangerous and defective condition of the product, including but not limited to age and wear of the product; and

(o)     Failing to comply with applicable statutes, codes, regulations, and generally recognized safety practices and standards.

52.     Kumho is strictly liable for the death of Decedent and the damages sustained by

Plaintiffs Kiana, Johnson, Jermaine, Tiesha, and Jerome as a result thereof.

WHEREFORE, Plaintiffs Kiana Smith, as Administrator of the Estate of the Late Elmer

Smith; Lisa Johnson as Parent of Joann Smith, a Minor and Surviving Daughter of the Late

-13-

Elmer Smith; Jermaine Smith, Individually as Surviving Son of the Late Elmer Smith; Tiesha Smith, Individually as Surviving daughter of the Late Elmer Smith; and Jerome Smith, Individually as Surviving Son of the Late Elmer Smith demand judgment in their favor and against the Defendant in the amount of TWO MILLION DOLLARS ($2,000,000.00), together with interest, costs, and all other relief deemed appropriate by this Court.

## COUNT V – BREACH OF WARRANTY
## PLAINTIFFS V. KUMHO TIRE U.S.A., INC.

53.     Plaintiffs incorporate by reference the facts and allegations contained in all paragraphs above as though set forth fully herein.

54.     Defendant Kumho U.S.A. expressly and/or impliedly warranted that the tire was of merchantable quality.

55.     Defendant Kumho U.S.A. breached the expressed and/or implied warrant because the tire was not of merchantable quality.

56.     Defendant Kumho U.S.A. is liable for the death of Decedent and the damages sustained by Plaintiffs Kiana, Johnson and Jermaine as a result of its breach of the expressed and/or implied warranties.

WHEREFORE, Plaintiffs Kiana Smith, as Administrator of the Estate of the Late Elmer Smith; Lisa Johnson as Parent of Joann Smith, a Minor and Surviving Daughter of the Late Elmer Smith; Jermaine Smith, Individually as Surviving Son of the Late Elmer Smith; Tiesha Smith, Individually as Surviving daughter of the Late Elmer Smith; and Jerome Smith, Individually as Surviving Son of the Late Elmer Smith demand judgment in their favor and against the Defendant in the amount of TWO MILLION DOLLARS ($2,000,000.00), together with interest, costs, and all other relief deemed appropriate by this Court.

9275725v.1

## COUNT VI – BREACH OF WARRANTY
## PLAINTIFFS V. KUMHO TIRE CO., INC.

57.     Plaintiffs incorporate by reference the facts and allegations contained in all paragraphs above as though set forth fully herein.

58.     Defendant Kumho expressly and/or impliedly warranted that the tire was of merchantable quality.

59.     Defendant Kumho breached the expressed and/or implied warrant because the tire was not of merchantable quality.

60.     Defendant Kumho is liable for the death of Decedent and the damages sustained by Plaintiffs Kiana, Johnson and Jermaine as a result of its breach of the expressed and/or implied warranties.

WHEREFORE, Plaintiffs Kiana Smith, as Administrator of the Estate of the Late Elmer Smith; Lisa Johnson as Parent of Joann Smith, a Minor and Surviving Daughter of the Late Elmer Smith; Jermaine Smith, Individually as Surviving Son of the Late Elmer Smith; Tiesha Smith, Individually as Surviving daughter of the Late Elmer Smith; and Jerome Smith, Individually as Surviving Son of the Late Elmer Smith demand judgment in their favor and against the Defendant in the amount of TWO MILLION DOLLARS ($2,000,000.00), together with interest, costs, and all other relief deemed appropriate by this Court.

## COUNT VII – SURVIVAL ACTION
## KIANA SMITH V. KUMHO TIRE U.S.A., INC.

61.     Plaintiffs incorporate by reference the facts and allegations contained in all paragraphs above as though set forth fully herein.

62.     Plaintiff Kiana Smith, as Administrator if the Estate of the Late Elmer Smith, by and through her undersigned attorneys, makes this claim against Defendant Kumho U.S.A. in a

9275725v.1

survival action pursuant to Section 7-401 (y) of the Estates and Trusts Article and all other applicable statutes.

63.      As a direct and proximate result of the negligence of Defendant Kumho U.S.A., Decedent experienced severe physical conscious pain, emotional pain and suffering, pre-impact fright, emotional distress, mental anguish and eventual death.

64.      Claim is made against Defendant Kumho U.S.A. by Plaintiff Kiana for Decedent's conscious pain and suffering between the time of the tire malfunction and the pronouncement of death at Fredrick Memorial Hospital.

65.      Plaintiff Kiana states that all of the injuries described hereinabove were caused solely by the actions of Defendant Kumho U.S.A. without any action on the part of Plaintiff Kiana or Decedent thereunto contributing.

WHEREFORE, Plaintiffs Kiana Smith, as Administrator of the Estate of the Late Elmer Smith; Lisa Johnson as Parent of Joann Smith, a Minor and Surviving Daughter of the Late Elmer Smith; Jermaine Smith, Individually as Surviving Son of the Late Elmer Smith; Tiesha Smith, Individually as Surviving daughter of the Late Elmer Smith; and Jerome Smith, Individually as Surviving Son of the Late Elmer Smith, demand judgment in their favor and against the Defendant in the amount of TWO MILLION DOLLARS ($2,000,000.00), together with interest, costs, and all other relief deemed appropriate by this Court.

## COUNT VIII – SURVIVAL ACTION
## KIANA SMITH V. KUMHO TIRE CO., INC.

66.      Plaintiffs incorporate by reference the facts and allegations contained in all paragraphs above as though set forth fully herein.

67.      Plaintiff Kiana Smith, as Administrator if the Estate of the Late Elmer Smith, by and through her undersigned attorneys, makes this claim against Defendant Kumho in a survival

-16-

action pursuant to Section 7-401 (y) of the Estates and Trusts Article and all other applicable statutes.

68.     As a direct and proximate result of the negligence of Defendant Kumho, Decedent experienced severe physical conscious pain, emotional pain and suffering, pre-impact fright, emotional distress, mental anguish and eventual death.

69.     Claim is made against Defendant Kumho by Plaintiff Kiana for Decedent's conscious pain and suffering between the time of the tire malfunction and the pronouncement of death at Fredrick Memorial Hospital.

70.     Plaintiff Kiana states that all of the injuries described hereinabove were caused solely by the actions of Defendant Kumho without any action on the part of Plaintiff Kiana or Decedent thereunto contributing.

WHEREFORE, Plaintiffs Kiana Smith, as Administrator of the Estate of the Late Elmer Smith; Lisa Johnson as Parent of Joann Smith, a Minor and Surviving Daughter of the Late Elmer Smith; Jermaine Smith, Individually as Surviving Son of the Late Elmer Smith; Tiesha Smith, Individually as Surviving daughter of the Late Elmer Smith; and Jerome Smith, Individually as Surviving Son of the Late Elmer Smith, demand judgment in their favor and against the Defendant in the amount of TWO MILLION DOLLARS ($2,000,000.00), together with interest, costs, and all other relief deemed appropriate by this Court.

## COUNT IX - WRONGFUL DEATH
## LISA JOHNSON V. KUMHO TIRE U.S.A., INC.

71.     Plaintiffs incorporate by reference the facts and allegations contained in all paragraphs above as though set forth fully herein.

72.      Plaintiff Johnson, as Parent and Next Friend of Joann Smith, a Minor child and surviving beneficiary of Decedent pursuant to Section 3-904(a) of the Courts and Judicial

9275725v.1

Proceedings Article, moves on behalf of Joann Smith in this action to recover for the wrongful death of Decedent caused by Defendant Kumho U.S.A.'s negligence.

73.    As a direct and proximate result of the negligence of Defendant Kumho U.S.A. in causing the death of Decedent, the surviving beneficiary Joann Smith has been deprived of the love, society, companionship. parental care, comfort, protection , and financial support that her father, Decedent, would have provided had his untimely death not occurred, and has suffered and continues to suffer grief, sadness, and emotional pain as a direct and proximate result of the death of her beloved father, Decedent, and claim is made against Defendant Kumho U.S.A. for these losses.

74.    Plaintiff Johnson, as Parent and Next friend of surviving beneficiary Joann Smith, a Minor, states that all of the injuries described hereinabove were caused solely by the actions of the Defendant Kumho U.S.A. without any action on the part of the Plaintiffs or Decedent thereunto contributing.

WHEREFORE, Plaintiffs Kiana Smith, as Administrator of the Estate of the Late Elmer Smith; Lisa Johnson as Parent of Joann Smith, a Minor and Surviving Daughter of the Late Elmer Smith; Jermaine Smith, Individually as Surviving Son of the Late Elmer Smith; Tiesha Smith, Individually as Surviving daughter of the Late Elmer Smith; and Jerome Smith, Individually as Surviving Son of the Late Elmer Smith, demand judgment in their favor and against the Defendant in the amount of TWO MILLION DOLLARS ($2,000,000.00), together with interest, costs, and all other relief deemed appropriate by this Court.

## COUNT X - WRONGFUL DEATH
## LISA JOHNSON V. KUMHO TIRE CO., INC.

75.    Plaintiffs incorporate by reference the facts and allegations contained in all paragraphs above as though set forth fully herein.

9275725v.1

76.     Plaintiff Johnson, as Parent and Next Friend of Joann Smith, a Minor child and surviving beneficiary of Decedent pursuant to Section 3-904(a) of the Courts and Judicial Proceedings Article, moves on behalf of Joann Smith in this action to recover for the wrongful death of Decedent caused by Defendant Kumho's negligence.

77.     As a direct and proximate result of the negligence of Defendant Kumho in causing the death of Decedent, the surviving beneficiary Joann Smith has been deprived of the love, society, companionship. parental care, comfort, protection , and financial support that her father, Decedent, would have provided had his untimely death not occurred, and has suffered and continues to suffer grief, sadness, and emotional pain as a direct and proximate result of the death of her beloved father, Decedent, and claim is made against Defendant Kumho for these losses.

78.     Plaintiff Johnson, as Parent and Next friend of surviving beneficiary Joann Smith, a Minor, states that all of the injuries described hereinabove were caused solely by the actions of the Defendant Kumho without any action on the part of the Plaintiffs or Decedent thereunto contributing.

WHEREFORE, Plaintiffs Kiana Smith, as Administrator of the Estate of the Late Elmer Smith; Lisa Johnson as Parent of Joann Smith, a Minor and Surviving Daughter of the Late Elmer Smith; Jermaine Smith, Individually as Surviving Son of the Late Elmer Smith; Tiesha Smith, Individually as Surviving daughter of the Late Elmer Smith; and Jerome Smith, Individually as Surviving Son of the Late Elmer Smith, demand judgment in their favor and against the Defendant in the amount of TWO MILLION DOLLARS ($2,000,000.00), together with interest, costs, and all other relief deemed appropriate by this Court

## COUNT XI - WRONGFUL DEATH
## JERMAINE SMITH V. KUMHO TIRE U.S.A., INC.

79.     Plaintiffs incorporate by reference the facts and allegations contained in all paragraphs above as though set forth fully herein.

80.     Plaintiff Jermaine Smith, Individually as surviving beneficiary of Decedent pursuant to Section 3-904(a) of the Courts and Judicial Proceedings Article, moves in this action to recover for the wrongful death of Decedent caused by Defendant Kumho U.S.A.'s negligence.

81.     As a direct and proximate result of the negligence of Defendant Kumho U.S.A. in causing the death of Decedent, the surviving beneficiary Jermaine has been deprived of the love, society, companionship, parental care, comfort, protection , and financial support that his father, Decedent, would have provided had his untimely death not occurred, and has suffered and continues to suffer grief, sadness, and emotional pain as a direct and proximate result of the death of his beloved father, Decedent, and claim is made against Defendant Kumho U.S.A. for these losses.

82.     Plaintiff Jermaine, Individually as Surviving Son of the Late Elmer Smith, states that all of the injuries described hereinabove were caused solely by the actions of Defendant Kumho U.S.A. without any action on the part of the Plaintiffs or Decedent, thereunto contributing.

WHEREFORE, Plaintiffs Kiana Smith, as Administrator of the Estate of the Late Elmer Smith; Lisa Johnson as Parent of Joann Smith, a Minor and Surviving Daughter of the Late Elmer Smith; Jermaine Smith, Individually as Surviving Son of the Late Elmer Smith; Tiesha Smith, Individually as Surviving daughter of the Late Elmer Smith; and Jerome Smith, Individually as Surviving Son of the Late Elmer Smith, demand judgment in their favor and

against the Defendant in the amount of TWO MILLION DOLLARS ($2,000,000.00), together

with interest, costs, and all other relief deemed appropriate by this Court.

## COUNT XII - WRONGFUL DEATH
## JERMAINE SMITH V. KUMHO TIRE CO., INC.

83.     Plaintiffs incorporate by reference the facts and allegations contained in all

paragraphs above as though set forth fully herein.

84.      Plaintiff Jermaine Smith, Individually as surviving beneficiary of Decedent

pursuant to Section 3-904(a) of the Courts and Judicial Proceedings Article, moves in this action

to recover for the wrongful death of Decedent caused by Defendant Kumho's negligence.

85.     As a direct and proximate result of the negligence of Defendant Kumho in

causing the death of Decedent, the surviving beneficiary Jermaine has been deprived of the love,

society, companionship, parental care, comfort, protection , and financial support that his father,

Decedent, would have provided had his untimely death not occurred, and has suffered and

continues to suffer grief, sadness, and emotional pain as a direct and proximate result of the

death of his beloved father, Decedent, and claim is made against Defendant Kumho for these

losses.

86.     Plaintiff Jermaine, Individually as Surviving Son of the Late Elmer Smith, states

that all of the injuries described hereinabove were caused solely by the actions of Defendant

Kumho without any action on the part of the Plaintiffs or Decedent, thereunto contributing.

WHEREFORE, Plaintiffs Kiana Smith, as Administrator of the Estate of the Late Elmer

Smith; Lisa Johnson as Parent of Joann Smith, a Minor and Surviving Daughter of the Late

Elmer Smith; Jermaine Smith, Individually as Surviving Son of the Late Elmer Smith; Tiesha

Smith, Individually as Surviving daughter of the Late Elmer Smith; and Jerome Smith,

Individually as Surviving Son of the Late Elmer Smith, demand judgment in their favor and

against the Defendant in the amount of TWO MILLION DOLLARS ($2,000,000.00), together

with interest, costs, and all other relief deemed appropriate by this Court.

## COUNT XIII - WRONGFUL DEATH
## TIESHA SMITH V. KUMHO TIRE U.S.A., INC.

87.     Plaintiffs incorporate by reference the facts and allegations contained in all

paragraphs above as though set forth fully herein.

88.     Plaintiff Tiesha Smith, Individually as surviving beneficiary of Decedent pursuant

to Section 3-904(a) of the Courts and Judicial Proceedings Article, moves in this action to

recover for the wrongful death of Decedent caused by Defendant Kumho U.S.A.'s negligence.

89.     As a direct and proximate result of the negligence of Defendant Kumho U.S.A. in

causing the death of Decedent, the surviving beneficiary Tiesha Smith has been deprived of the

love, society, companionship. parental care, comfort, protection , and financial support that her

father, Decedent, would have provided had his untimely death not occurred, and has suffered and

continues to suffer grief, sadness, and emotional pain as a direct and proximate result of the

death of her beloved father, Decedent, and claim is made against Defendant Kumho U.S.A. for

these losses.

90.     Plaintiff Tiesha states that all of the injuries described hereinabove were caused

solely by the actions of the Defendant Kumho U.S.A. without any action on the part of the

Plaintiffs or Decedent thereunto contributing.

WHEREFORE, Plaintiffs Kiana Smith, as Administrator of the Estate of the Late Elmer

Smith; Lisa Johnson as Parent of Joann Smith, a Minor and Surviving Daughter of the Late

Elmer Smith; Jermaine Smith, Individually as Surviving Son of the Late Elmer Smith; Tiesha

Smith, Individually as Surviving daughter of the Late Elmer Smith; and Jerome Smith,

Individually as Surviving Son of the Late Elmer Smith, demand judgment in their favor and

-22-

against the Defendant in the amount of TWO MILLION DOLLARS ($2,000,000.00), together

with interest, costs, and all other relief deemed appropriate by this Court.

**COUNT XIV - WRONGFUL DEATH**
**TIESHA SMITH V. KUMHO TIRE CO., INC.**

91.     Plaintiffs incorporate by reference the facts and allegations contained in all

paragraphs above as though set forth fully herein.

92.     Plaintiff Tiesha Smith, Individually as surviving beneficiary of Decedent pursuant

to Section 3-904(a) of the Courts and Judicial Proceedings Article, moves in this action to

recover for the wrongful death of Decedent caused by Defendant Kumho's negligence.

93.     As a direct and proximate result of the negligence of Defendant Kumho in

causing the death of Decedent, the surviving beneficiary Tiesha Smith has been deprived of the

love, society, companionship. parental care, comfort, protection , and financial support that her

father, Decedent, would have provided had his untimely death not occurred, and has suffered and

continues to suffer grief, sadness, and emotional pain as a direct and proximate result of the

death of her beloved father, Decedent, and claim is made against Defendant Kumho for these

losses.

94.     Plaintiff Tiesha states that all of the injuries described hereinabove were caused

solely by the actions of the Defendant Kumho without any action on the part of the Plaintiffs or

Decedent thereunto contributing.

WHEREFORE, Plaintiffs Kiana Smith, as Administrator of the Estate of the Late Elmer

Smith; Lisa Johnson as Parent of Joann Smith, a Minor and Surviving Daughter of the Late

Elmer Smith; Jermaine Smith, Individually as Surviving Son of the Late Elmer Smith; Tiesha

Smith, Individually as Surviving daughter of the Late Elmer Smith; and Jerome Smith,

Individually as Surviving Son of the Late Elmer Smith, demand judgment in their favor and

-23-

against the Defendant in the amount of TWO MILLION DOLLARS ($2,000,000.00), together

with interest, costs, and all other relief deemed appropriate by this Court.

## COUNT XV - WRONGFUL DEATH
## JEROME SMITH V. KUMHO TIRE U.S.A., INC.

95.     Plaintiffs incorporate by reference the facts and allegations contained in all

paragraphs above as though set forth fully herein.

96.     Plaintiff Jerome Smith, Individually as surviving beneficiary of Decedent

pursuant to Section 3-904(a) of the Courts and Judicial Proceedings Article, moves in this

action to recover for the wrongful death of Decedent caused by Defendant Kumho U.S.A.'s

negligence.

97.     As a direct and proximate result of the negligence of Defendant Kumho U.S.A. in

causing the death of Decedent, the surviving beneficiary Jerome Smith has been deprived of the

love, society, companionship, parental care, comfort, protection , and financial support that his

father, Decedent, would have provided had his untimely death not occurred, and has suffered

and continues to suffer grief, sadness, and emotional pain as a direct and proximate result of the

death of his beloved father, Decedent, and claim is made against Defendant Kumho U.S.A. for

these losses.

98.     Plaintiff Jerome Smith, Individually as Surviving Son of the Late Elmer Smith,

states that all of the injuries described hereinabove were caused solely by the actions of

Defendant Kumho U.S.A. without any action on the part of the Plaintiffs or Decedent, thereunto

contributing.

WHEREFORE, Plaintiffs Kiana Smith, as Administrator of the Estate of the Late Elmer

Smith; Lisa Johnson as Parent of Joann Smith, a Minor and Surviving Daughter of the Late

Elmer Smith; Jermaine Smith, Individually as Surviving Son of the Late Elmer Smith; Tiesha

Smith, Individually as Surviving daughter of the Late Elmer Smith; and Jerome Smith,

Individually as Surviving Son of the Late Elmer Smith, demand judgment in their favor in and

against the Defendant in the amount of TWO MILLION DOLLARS ($2,000,000.00), together

with interest, costs, and all other relief deemed appropriate by this Court.

## COUNT XVI - WRONGFUL DEATH
## JEROME SMITH V. KUMHO TIRE CO., INC.

99.     Plaintiffs incorporate by reference the facts and allegations contained in all

paragraphs above as though set forth fully herein.

100.     Plaintiff Jerome Smith, Individually as surviving beneficiary of Decedent

pursuant to Section 3-904(a) of the Courts and Judicial Proceedings Article, moves in this action

to recover for the wrongful death of Decedent caused by Defendant Kumho's negligence.

101.     As a direct and proximate result of the negligence of Defendant Kumho in

causing the death of Decedent, the surviving beneficiary Jerome Smith has been deprived of the

love, society, companionship, parental care, comfort, protection , and financial support that his

father, Decedent, would have provided had his untimely death not occurred, and has suffered and

continues to suffer grief, sadness, and emotional pain as a direct and proximate result of the

death of his beloved father, Decedent, and claim is made against Defendant Kumho for these

losses.

102.     Plaintiff Jerome Smith, Individually as Surviving Son of the Late Elmer Smith,

states that all of the injuries described hereinabove were caused solely by the actions of

Defendant Kumho without any action on the part of the Plaintiffs or Decedent, thereunto

contributing.

WHEREFORE, Plaintiffs Kiana Smith, as Administrator of the Estate of the Late Elmer

Smith; Lisa Johnson as Parent of Joann Smith, a Minor and Surviving Daughter of the Late

Elmer Smith; Jermaine Smith, Individually as Surviving Son of the Late Elmer Smith; Tiesha

Smith, Individually as Surviving daughter of the Late Elmer Smith; and Jerome Smith,

Individually as Surviving Son of the Late Elmer Smith, demand judgment in their favor and

against, together with interest, costs, and all other relief deemed appropriate by this Court

Respectfully submitted,

By:   _/s/ David Ellin_____
      David Ellin, Esquire (#25128)
      Attorney for Plaintiffs
      Law Office of David Ellin, P.C.
      20 S. Charles St. #308
      Baltimore, MD 21201
      (410) 727-1005
      dellin@ellinlaw.com


**WHITE AND WILLIAMS, LLP**


By:   _/s/ Robert M. Caplan_____
      Robert M. Caplan, Esquire
      *Pro Hac Vice* Attorneys for Plaintiffs
      1800 One Liberty Place
      Philadelphia, PA 19103-7385
      (215) 864-7012
      caplanr@whiteandwilliams.com

9275725v.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT MARYLAND NORTHERN DIVISION**

_____

| | | |
|---|---|---|
| KIANA SMITH, as | : | |
| Administrator if the Estate of | : | CIVIL ACTION |
| The Late Elmer Smith | : | |
| 704 Leafydale Terrace | : | |
| Pikesville, Maryland 21208 | : | NO.: |
| | : | |
| And | : | |
| | : | |
| LISA JOHNSON, as | : | |
| Parent and Next Friend of | : | |
| JOANN SMITH, a Minor and | : | |
| Surviving Daughter of the Late | : | |
| Elmer Smith | : | |
| 4636 Walters Avenue | : | |
| Baltimore, Maryland 21214 | : | |
| | : | |
| And | : | |
| | : | |
| JERMAINE SMITH, | : | |
| Individually, as Surviving Son | : | |
| Of the Late Elmer Smith | : | |
| 4636 Walters Avenue | : | |
| Baltimore, Maryland 21214 | : | |
| | : | |
| And | : | |
| | : | |
| TIESHA SMITH, | : | |
| Individually, as Surviving Daughter | : | |
| of the Late Elmer Smith | : | |
| 3911 Wabash Ave. #1B | : | |
| Baltimore, MD 21215 | : | |
| | : | |
| And | : | |
| | : | |
| JEROME SMITH, | : | |
| Individually, as Surviving Son | : | |
| of the Late Elmer Smith | : | |
| 324 N. Bruce St. | : | |
| Baltimore, MD 21223 | : | |
| | : | |
| Plaintiffs | : | |

9275725v.1

|  | : |  |
| --- | --- | --- |
| VS. | : | JURY TRIAL DEMANDED |
|  | : |  |
| KUMHO TIRE U.S.A., INC. | : |  |
| 10299 6th Street | : |  |
| Rancho Cucamonga, CA 91730 | : |  |
|  | : |  |
| And | : |  |
|  | : |  |
| KUMHO TIRE CO., INC. | : |  |
| 555, Sochon-Dong, Gwangsan-Gu | : |  |
| Gwangju, 506-711, Korea (C.P.O. 180) | : |  |
|  | : |  |
| Defendants | : |  |

## **REQUEST FOR JURY TRIAL**

The Plaintiffs request a jury trial of this matter.

Respectfully submitted,

By:     /s/ David Ellin                        
David Ellin, Esquire (#25128)
Attorney for Plaintiffs
Law Office of David Ellin, P.C.
20 S. Charles St. #308
Baltimore, MD 21201
(410) 727-1005
dellin@ellinlaw.com

**WHITE AND WILLIAMS, LLP**

By:     /s/ Robert M. Caplan                  
Robert M. Caplan, Esquire
*Pro Hac Vice* Attorneys for Plaintiffs
1800 One Liberty Place
Philadelphia, PA 19103-7385
(215) 864-7012
caplanr@whiteandwilliams.com

-28-

## <u>CERTIFICATE OF SERVICE</u>

I, Robert M. Caplan, hereby certify that on May 29, 2012, I electronically transmitted the

attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

Notice of Electronic Filing to the following CM/ECF registrant:

Michael T. Wharton, Esquire
WHARTON LEVIN EHRHANTRAUT &
KLEIN, P.A.
104 West Street
P.O. Box 551
Annapolis, MD 21404

Counsel for Defendant,
Kumho Tire U.S.A., Inc.

I further certify that on May 29, 2012, I transmitted a copy of the attached document via

United States Postal Service's regular mail to the following:

Rebecca L. Ulisse, Esquire
LITTLETON JOYCE UGHETTA PARK &
KELLY LLP
39 Broadway, 34th Floor
New York, NY 10006

Counsel for Defendant,
Kumho Tire U.S.A., Inc

WHITE AND WILLIAMS LLP

By:   _/s/ Robert M. Caplan_____
Robert M. Caplan, Esquire
One Liberty Place
1650 Market Street, Suite 1800
Philadelphia, PA 19103
Phone: (215) 864-7012
caplanr@whiteandwilliams.com

Attorneys *Pro Hac Vice* for Plaintiffs

-29-

9275725v.1